IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Kevin Wayne McDaniels, )<br>)<br>Plaintiff, )<br>) C/A No.: 1:14-cv-03728-TLW<br>vs. )<br>)<br>Chuck Wright, *Spartanburg Co. Sheriff*; )<br>Tim Tucker, *Spartanburg Co. Sheriff* )<br>*Deputy*; Phil Easler, *Spartanburg Co.* )<br>*Sheriff Deputy*; Barry Barnette, )<br>*Spartanburg Co. Solicitor*; Robert B. Hall, )<br>*Spartanburg Co. Public Defender*; )<br>Durham Cole, *Spartanburg Co. Chief* )<br>*Judge*; Alan Wilson, *South Carolina* )<br>*Attorney General*; Leah Moody, *Attorney* )<br>*at Law*; Kevin Owens, *Attorney at Law*; )<br>South Carolina Department of Corrections, )<br>*sued in their individual and official* )<br>*capacity*; )<br>)<br>Defendants. )<br>_____ ) | |

## ORDER

Plaintiff Kevin Wayne McDonald, proceeding pro se and in forma pauperis, filed this action on May 2, 2014, alleging violation of his constitutional rights pursuant to 42 U.S.C. § 1983 and the South Carolina Tort Claims Act. Doc. #1. This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed on September 30, 2014, by Magistrate Judge Shiva V. Hodges, Doc. #10, to whom this case was previously assigned. In the Report, the Magistrate Judge recommends that the Court summarily dismiss the complaint in this case without prejudice and without issuance and service of process. Plaintiff filed objections to the Report on October 9, 2014. Doc. #12. He filed supplemental objections to the Report on

1

November 3, 2014. Doc. #17. Also before the Court are Plaintiff's Motion to Waive Filing Fee, Doc. #13, Motion for Judgment of Acquittal, Doc. #15, Motion to Reopen Case, Doc. #16, and two Motions for Reimbursement of Funds, Docs. #18, 19.

The Court has reviewed the Report and the objections. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. After careful review of the Report and objections thereto, the Court hereby **ACCEPTS** the Report. The Plaintiff's objections, Docs. #12, 17, are **OVERRULED**.[1] The Plaintiff's complaint is **DISMISSED** without prejudice and without issuance and service of process.

As noted above, several additional motions are pending in this case. Plaintiff has filed three motions requesting the Court to waive or refund his filing fees. Docs. #13, 18, 19. The

---

[1] To the extent Plaintiff alleges that he is actually innocent, see e.g. Docs. #1, 15, the Plaintiff has not provided the Court with any newly discovered evidence. See McQuiggin v. Perkins, 133 S. Ct. 1924, 1933, (2013) (noting that actual innocence "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" As the Plaintiff himself notes, he was aware of the evidence he now relies on at the time of the original state proceedings. Doc. #1 at 3.

2

Prison Litigation Reform Act (PLRA) of 1996 permits a prisoner to file a civil action without **pre**payment of fees or security, but requires the prisoner "to pay the full amount of the filing fee" as funds are available. See 28 U.S.C. § 1915(a), (b). As a result, Plaintiff's motions regarding waiver and refund of the filing fees are **DENIED**.

Plaintiff also filed two remaining filings: the first is captioned "Motion for Judgment of Acquittal Based Upon Factual Innocence and Fundamental Miscarriage of Justice," Doc. #15, and the second is captioned "Motion to Re-Open Judgment," Doc. #16. To the extent these filings re-allege the claims asserted in his §1983 filing, the motions are denied for the reasons stated above. To the extent these filings seek to challenge Plaintiff's sentence pursuant to 28 U.S.C. § 2254, Plaintiff has already filed a § 2254 petition and must request permission from the Fourth Circuit Court of Appeals before filing a successive petition. See McDaniels v. Owen, No. 1:12-cv-00642-TLW (D.S.C.); see also 28 U.S.C. § 2244. To the extent Plaintiff claims actual innocence, Plaintiff's claim of actual innocence is without merit. See supra note 1 Thus, Plaintiff's motion for judgment of acquittal and motion to re-open judgment are **DENIED**.

**IT IS SO ORDERED**.

s/Terry L. Wooten
Chief United States District Judge

January 12, 2015
Columbia, South Carolina